Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd. Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Alexandria Koenig

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| **Alexandria Koenig**, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>**Strategic Towing & Recovery, LLC**, an Arizona limited liability company; **Strategic Group, LLC**, an Arizona limited liability company; and **Chad Elliget,** an Arizona resident,<br><br>Defendants. | Case No. 2:18-cv-01180-JZB<br><br>**PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS**<br><br>**(Assigned to the Hon. John Z. Boyle)** |

Pursuant to the Federal Rule of Civil Procedure 55, Plaintiff Alexandria Koenig respectfully requests that the Court enter judgment by default against Defendants Strategic Towing & Recovery, LLC; Strategic Group, LLC; and Chad Elliget.

**I.     Procedural History**

1. The Summons and Complaint were filed on April 17, 2018.

2. Defendant Strategic Towing & Recovery, LLC was served with a copy of the

Summons and Complaint by a private process server on May 8, 2018 (Dkt. 7).

3. Defendant Strategic Group, LLC was served with a copy of the Summons and Complaint by a private process server on May 8, 2018 (Dkt. 6).

4. Defendant Chad Elliget was served with a copy of the Summons and Complaint by a private process server on May 25, 2018 (Dkt. 13).

5. The Clerk of the Court entered Default against Defendants on June 21, 2018 (Dkt. 15).

6. In support of this request, Plaintiff relies upon the record in this case and the affidavit submitted (herein as "**Exhibit 1**").

## II. Argument

### A. Standards for Default Judgment

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed R. Civ. P. 55(a). Once a party has been defaulted, a court may enter a default judgment. Fed R. Civ. P. 55(b).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Sys. Inc. v. Heidenthal*, 826 F.2d 915, 917-918, (9th Cir. 1087).

While a plaintiff must prove damages when seeking a default judgment, this evidentiary burden is "relatively lenient." *Elektra Entnm't Group v. Bryant*, No. 03-6381,

2004 WL 783123 at *2 (C.D. Cal. Feb. 13, 2004). In determining damages, the Court can properly rely on declarations submitted by the Plaintiff.  F.R.Civ.P. 55(b)(2).

### B. Plaintiff has met the *Eitel* Factors

The Ninth Circuit has articulated factors the Court should consider in deciding whether to grant a monetary default judgment. Those are: (1) the possibility of prejudice to the Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### 1. Possibility of prejudice to the Plaintiff

The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. *Id*. Prejudice exists where, absent entry of default judgment, the plaintiff would lose the right to a judicial resolution of its claims and it would be without other recourse of recovery. *See generally Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388,392 (C.D. Cal. 2005).

By virtue of their default, Defendant has admitted the allegations of the Complaint. A default judgment stands as Plaintiff's only remaining act of recourse in this matter.  This factor weighs heavily in favor of default judgment.

### 2. The Merits of the Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Pepsico, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).

As stated above, after the Clerk enters default, the factual allegations of the complaint are taken as true. *Televideo Sys.*, 826 F.2d at 917-918.

### 3. The Amount of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico*, 238 F.Supp. 2d at 1176.

In Exhibit 1, Plaintiff provides a damage calculation. Plaintiff worked overtime every week of her employment and she was only paid her regular straight-time rate, not time-and-a-half. The damage calculation shows that Plaintiff is owed $5,632 in unliquidated overtime. As this amount is not extremely high, this factor weighs in favor of default judgment.

### 4. The Possibility of Dispute Concerning Material Facts

There is no dispute concerning the material facts because the factual allegations of Plaintiff's complaint are taken as true at this default stage. *Marcelos v. Dominguez*, No. 08-0056, 2009 WL 113383, at *4 (N.D. Cal. Jan. 16, 2009). The fifth *Eitel* factor weighs in favor of default.

### 5. Whether Default was Due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers whether Defendant's default resulted from excusable neglect. *Eitel* at 1471-1472. The Ninth Circuit has said "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

All Defendants were personally served by process server and therefore they have received actual notice of the filing of the action and failed to answer.

### 6. The Policy Favoring a Decision on the Merits

The final *Eitel* factor considers the preference for deciding cases on the merits. However, "this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004). Courts have concluded that "this factor does not weigh very heavily." *Id*.

As Defendants have had over two months to appear in this lawsuit, they cannot plausibly make an argument that a decision on the merits is credible at this point. Plaintiff has met the *Eitel* factors for default judgment.

### C.    The Court Should also Grant a Liquidated or Trebled Damages Award

The FLSA provides that any employer who violates the overtime wage provision is liable not only for the unpaid compensation but also "[a]n additional equal amount as liquidated damages." *Chao v. A-One Medical Services, Inc*., 346 F.3d 908, 919-20 (9th Cir. 2003) (quoting 29 U.S.C. § 216(b), ruled unconstitutional on other grounds by *Alden v. Maine*, 527 U.S. 706, 712 (1999)); see also *Fontes v. Drywood Plus, Inc.* No. CV-13-1901-PHX-LOA (D. Ariz. Dec. 2, 2013).

Liquidated or double damages, represent compensation, and are not considered a penalty. "Double damages are the norm, single damages the exception." Id. at 920 (citation and internal quotation marks omitted); *Nellis v. G.R. Herberger Rev. Trust*, 360 F.Supp.2d 1033, 1044 (D. Ariz. 2005). Therefore, Plaintiff should be awarded an additional $5,632 in liquidated damages.

Alternatively, "[t]he Arizona Wage laws require that a failure to pay all wages due, after demand for these has been made, may result in an award of past-due wages

trebled. *Ariz.Rev.Stat.Ann.* § 23–355. This statute does nothing more than provide a greater recovery than that provided by the FLSA. The "saving clause" of 29 U.S.C. § 218(a) requires a finding that the FLSA does not preempt [the state claim] of the Plaintiff's Complaint. This holding is entirely consistent with previous decisions of this Court. *See, Davis v. Jobs for Progress, Inc.,* [14 EPD ¶ 7624] 427 F.Supp. 479, 483 (D.Ariz.1976) (The Plaintiff's request for an award of treble damages under A.R.S. § 23–355 is not pre-empted)." *Spieth v. Adasen Distrib., Inc.,* No. CIV. 88-1541 PHX WPC, 1989 WL 61187, at *2 (D. Ariz. Jan. 24, 1989).

Therefore, because the FLSA liquidated damages provision does not preempt the state law trebled damages provision, Plaintiff should be awarded the higher of the liquidated and trebled damages for an additional $11,264 instead of the $5,632 in liquidated damages pursuant to the FLSA.

**D. Plaintiff is Entitled to Recover Attorneys' Fees and Costs**

Furthermore, Plaintiff is entitled to her attorneys' fees and costs pursuant to 29 U.S.C. § 216(b). "In actions under the FLSA, employers who violate the [the Act] in addition to any judgment awarded to the plaintiffs, be liable for reasonable attorneys' fees of the action." 29 U.S.C. §216(b). The award of attorney's fees in such a proceeding is mandatory and is added to the amount of unpaid wages and liquidated damages. *Orozco v. Borenstein*, No. CV 11-02305- PHX-FJM (D. Ariz. Feb. 20, 2013). As this district and the 9th Circuit have made abundantly clear: "It is not only appropriate to award fees to a successful plaintiff, it is mandatory." *Orozco* at 3; See also: *Houser v. Matson*, 447 F.2d 860 (9th Cir. 1971).

If the Court enters default judgment, Plaintiff will satisfy the prevailing party/judgment analysis under 29 U.S.C. § 216(b) and is therefore entitled to her attorneys' fees and costs. Pursuant to LRCiv 54.2, Plaintiff will file a motion for attorneys' fees following the award of a default judgment.

## III.   Conclusion

Based on the foregoing arguments and calculations and the pleadings of record, Plaintiff respectfully request that the Court enter judgment against Defendants, individually and collectively, in favor of the Plaintiff in the amount of $16,896.

In addition, Plaintiff respectfully requests $1,002.80 in costs.

In addition, Plaintiff respectfully requests that these amounts be augmented further by post-judgment interest pursuant to 28 U.S.C. § 1961 and costs and attorney fees incurred by Plaintiff in the collection of the amounts awarded herein.

RESPECTFULLY SUBMITTED July 16, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Alexandria Koenig

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2018, I electronically transmitted the foregoing document to the United States District Court, District of Arizona Court Clerk, using the CM/ECF System and to the following via US mail:

Strategic Group, LLC
1200 W. Washington St.
Phoenix, AZ 85007

Strategic Towing & Recovery, LLC
1200 W. Washington St.
Phoenix, AZ 85007

Chad Elliget
40777 N. Arbor Ave.
Sun Tan Valley, AZ 85140

/s/ Ashley Peschke